THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. PEDRO RIVERA ANTUNA, Defendant and Appellant.

No. CR-62-147.        Decided June 21, 1963.

*Santiago C. Soler Favale* for appellant. *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras, Deputy Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, Pro Tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The affirmance of the judgment ordering appellant to serve one year in jail is imperative. He was charged with causing the death of Tomás Vázquez Vega by running over him with an automobile.

In support of his appeal appellant alleges in the first place that the trial court should have dismissed the information because more than sixty days had elapsed since he was arrested to answer for the offense charged against him without the information having been filed. Section 448, Code of Criminal Procedure, 34 L.P.R.A. § 1631. Defendant points out that he was arrested to answer for the offense on

March 11, 1960 and the information was filed on the following June 3.

■ The evidence introduced to sustain the appellant's position to the effect that he was arrested to answer for the offense charged against him when he was taken to police headquarters by the police on March 11, actually shows that defendant, in order to show his innocence offered to cooperate with the police in the investigation of some facts. As the judge that presided at the hearing stated: ". . . the court believes that it is entirely credible that the defendant, sure of his innocence, without any sense of guilt, aware that an investigation was being made, proceeded voluntarily and accompanied the police in the disclosure of the facts." Certainly, this was what happened. Defendant was not arrested to answer that first time. He gave some information to the police. He took the officials in charge of making the investigation to the place where his automobile was. Then they took the automobile, with the consent of the defendant, to the General Headquarters, and there examined the vehicle. This phase of the investigation being over, the defendant left. It was on May 13, 1960 that defendant was arrested to answer. The information was filed on the following June 3. Within the term established by § 448.

■ Appellant complains that the trial court did not permit an additional counsel to join the defense. When the jury had not yet been sworn, counsel for the defense announced to the court that another attorney was going to join the defense. The prosecuting attorney opposed because he had already challenged three jurors, "and maybe he would have challenged others, who knows, if he were here." The judge sustained the district attorney.

The Solicitor General, to sustain the action of the trial judge, cites *People* v. *Cruz*, 60 P.R.R. 112 (1942). In *People* v. *Cruz*, the introduction of the evidence had already started.

The jury was already impanelled. The prosecuting attorney could challenge no more jurors now on the ground of relations with the new attorney. But in the instant case the jury was not impanelled, it had not been sworn definitely and the prosecuting attorney still had the opportunity of challenging any juror for cause if the basis for it were established. Now, the error committed in not permitting a new attorney to join the defense was harmless, for the defendant was properly represented during the trial.

■ The prosecuting attorney introduced the testimony of a policeman to the effect that when defendant's automobile was taken to the General Headquarters an expert examined it and found some bag shreds and some fish scales adhered to the motor. The evidence introduced established that that night the victim was carrying a bag full of fish. The defense counsel asked that the jury be withdrawn to discuss the inadmissibility of said proof, because the inspection of the car constituted a search and it had been carried out illegally. Assuming that the examination of an automobile under the circumstances in which this one was carried out constituted a search, the fact is that evidence had already been introduced in the sense that defendant had consented that his car be examined. With his consent it was taken to the police headquarters and he voluntarily permitted the examination. Thus, the judge did not err in not granting the petition of the defense. It is proper to state that the prosecuting attorney offered in evidence the result of the inspection, and the defense objected, the judge sustaining the objection on the ground that the person who made the inspection did not appear to testify.

Finally, appellant maintains that the verdict is not supported by the evidence. It is. Let us see.

The evidence establishes that the victim and two companions were walking by the roadside on the highway lead-

ing from Maunabo to Patillas. The victim was the last one and he was run over by an automobile that was travelling at sixty miles per hour. The accident occurred between 7:30 and 8:00 p.m., on March 8, 1960. One of the companions testified that he saw the car approaching but after it ran over the victim he could not identify the driver. The speed and darkness prevented it. The other companion who was also run over, testified practically the same, but states that he could see the driver and that it was the defendant. He testified that the interior light of the automobile was on.

A witness testified that he was driving his automobile by the road where the accident happened; that he saw the victim and his two companions each one carrying a bag on his back and shortly after passing them he saw a car "[heard] a noise, the sound of a horn, a car coming at high speed, excessive speed, sounding the horn . . ."

Another witness, a state policeman, testified that when defendant's automobile was taken to the General Headquarters three days after the accident had occurred he examined it together with another person and found "on the cylinder head of said vehicle a piece of bag cloth," stating that the "bag was on the right hand side of the cylinder head holding some threads there" and that "the piece of bag was to the right-hand side." He also testified that over the piece of bag there were some fish scales.

In addition to the evidence already narrated the jury had for its consideration the testimony of Primitivo Márquez. This witness testified that the day on which the accident occurred, he started from San Juan in defendant's car, that he was driving and that they went to Patillas to the cockfights in the Providencia cockpit which is located near the place where the accident occurred; that they were there until 6:30 or 7:00 p.m. when they started back to San Juan; that on the return trip defendant was driving; that they did not have any accident, but that the radiator broke and the water

leaked causing them to stop several times to fill it with water. They did not have that problem on their trip from San Juan to Patillas.

■■ Except for the testimony of the witness who said he had identified the defendant, which under the prevailing circumstances would seem improbable, the evidence introduced to connect the defendant is circumstantial. We have already decided in *People* v. *Bonilla*, 78 P.R.R. 144 (1955) that this kind of evidence is proper with the requirement, of course, that the guilt of the defendant must be established beyond any reasonable doubt. Circumstantial evidence is nothing else than inferences which arise from a series of proven facts. *People* v. *Cortés*, 86 P.R.R. 208 (1962). What inferences arise from the proven facts as they have been narrated?

■ The proof establishes by direct evidence that the victim was run over on the night of May 8, 1960, about 7:30 to 8:00 p.m. The circumstantial evidence reveals also that the defendant was in the Providencia cockpit that same day; that this cockpit is near the place where the accident occurred; that he started from there between 6:30 and 7:00 p.m.; that in returning to San Juan the car suffered a defect in the radiator for which they had to fill it with water several times, that when the car was examined three days later, it appeared with a dent on the right-hand front part; that bag shreds and fish scales were found on the cylinder head on the right-hand side. Thus the evidence places defendant more or less at the time when the facts occurred in the place where they occurred, shows that that night the car's radiator broke and three days later when it was examined it appeared that it had collided and bag shreds and fish scales were found. Remember that the evidence established that the victim was carrying a bag of fish on his back.

This evidence believed by the jury is sufficient to support the verdict of guilty. Certainly in the cases of hit and

run drivers it is very difficult to introduce direct evidence to connect them with the facts, or circumstantial evidence stronger than the one introduced in the case at bar.

The judgment appealed from will be affirmed.